The decision below is signed as a decision of

the court.

Signed: January 08, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNE A. DUVALL, | ) | Case No. 04-01519 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

DECISION RE DEBTOR'S MOTION TO SHOW CAUSE
AND REQUEST FOR SANCTIONS FOR FAILURE TO COMPLY
WITH MAY 19, 2006 ORDER TO PAY ATTORNEY'S FEES

This decision addresses the debtor's Motion to Show Cause, in which she requests sanctions for the failure of Sharon Watts, Kevin Bumbray, and their attorney, Jonathan S. Shurberg, to comply with this court's order of May 19, 2006 (DE No. 56). That order directed "that Sharon B. Watts and Kevin Bumbray pay $375.00 to Mr. Goldberg within fourteen (14) days of the entry of this order." The order was entered pursuant to an earlier order that directed that:

> due solely to the failure of counsel for Ms. Watts and Mr. Bumbray to appear or file a motion for continuance in a timely manner (for which failure counsel should recompense his clients), the claimants Sharon B. Watts and Kevin Bumbray pay reasonable attorneys' fees and costs for work performed and costs incurred by Joseph M. Goldberg, Esq. . . . in preparation for the hearing scheduled for April 27, 2006, that will require duplication in preparation

  for the continued hearing[.]

(DE No. 49 at pages 1-2, signed April 27, 2006).  The order was entered in lieu of barring Ms. Watts and Mr. Bumbray from defending against the debtor's objection to their proofs of claims, and was intended to prevent the debtor from having to pay their attorney for having to prepare twice for the same hearing.  See Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966) (observing that a trial court, as a condition to vacating a default judgment, may require that the defendant reimburse the plaintiff for attorney's fees and costs incurred because of the default).

  Because Ms. Watts and Mr. Bumbray failed to comply with the order to pay $375.00, the debtor seeks in her unopposed motion to have sanctions imposed against them and their attorney, Mr. Shurberg.  The debtor's attorney has spent an additional two hours pursuing collection of the $375.00.  At the rate of $250.00 per hour, those additional two hours represent an additional $500.00 expense, resulting in a total of $875.00 in attorney's fees that the debtor has incurred in her efforts to be made whole for attorney work occasioned by Ms. Watts and Mr. Bumbray's failure to be prepared to go forward at the April 27, 2006 hearing (due to their attorney's not being prepared to go forward), and by their failure timely to remit the $375.00 originally required to be paid to make the debtor whole.

Although the $375.00 award was directed against Ms. Watts and Mr. Bumbray, as they were the parties seeking to have a failure to prosecute excused, the court's initial decision made clear that Mr. Shurberg was obligated to reimburse Ms. Watts and Mr. Bumbray (because it was Mr. Shurberg who caused his clients, Ms. Watts and Mr. Bumbray, to be unprepared to go forward). The court is simply astounded that Mr. Shurberg has not dipped into his own pocket immediately to make the required payment on his clients' behalf. Now insult (an additional $500.00 in debtor-incurred-fees) has been added to injury (the initial $375.00 award), without a peep from Mr. Shurberg on his clients' behalf as to why the payment was not made.

The debtor's motion appears to seek contempt sanctions. However, the $375.00 award of attorney's fees should arguably be construed as a monetary damages award and not as an injunction, and contempt is ordinarily an inappropriate vehicle for collecting a monetary award. See <u>Patterson v. America's Voice, Inc. (In re America's Voice, Inc.)</u>, 2000 WL 33529764 (Bankr. D.D.C., Oct. 4, 2000). Nevertheless, payment of the award was intended to be a condition to Ms. Watts and Mr. Bumbray's continued pursuit of their claims (analogous to the conditional vacating of a default judgment as in <u>Thorpe</u>). That distinguishes it from the typical monetary award, and the court had inherent authority to require payment of the additional $500.00 in

3

attorney's fees the debtor incurred as the price for Ms. Watts and Mr. Bumbray having been allowed to pursue their claims. Ms. Watts and Mr. Bumbray continued to prosecute their claims, but failed to make the debtor whole by complying with the court's May 19, 2006 order, and put the debtor to the additional expense of $500.00 in fees in pursuing the $375.00. Accordingly, the measure for making the debtor whole stood at $875.00 when the instant motion was filed in contrast to the $375.00 fee that was initially imposed.

Indeed, the court could have barred pursuit of the claims until the $875.00 was paid. Unfortunately, the debtor did not request this court to bar pursuit of the claims before the court issued a final order upholding the claims. Even if it had, I am without power at this juncture to alter the order upholding the claims of Ms. Watts and Mr. Bumbray, as that order is currently on appeal. When an appeal has been taken, the trial court loses the power to grant relief that would alter or affect the order on appeal. See Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc., 721 F.2d 904, 906-07 (3d Cir. 1983).[1] Had I appreciated that the motion currently before the court related to an order

---

[1] The motion was filed prior to entry of the order that is on appeal. Even if the motion had been cast as seeking to bar pursuit of the claims, it cannot be treated as a motion under Rule 59 to alter or amend the order allowing the claims of Ms. Watts and Mr. Bumbray, a type of order that would have rendered any appeal ineffective pending the court's disposing of the motion.

conditioning the claimants' right to pursue their claims, and had the debtor requested that the claims be disallowed unless the additional $500 in fees and the original $375 in fees were promptly paid, I would have addressed it prior to issuing the final order, and would have directed that an order allowing the claims would be entered only if Ms. Watts and Mr. Bumbray paid within five days the $875.00 now necessary to make the debtor whole.

If the motion had sought to bar pursuit of the claims, the district court could authorize this court to act on the instant motion in a fashion that would alter or affect the order currently on appeal.  See Smith v. Pollin, 194 F.2d 349, 350 (D.C. Cir. 1952).  However, it must be emphasized that the debtor did **not** seek to disallow the claims if the $375.00 in fees and the additional $500.00 in fees pursuing payment of that $375.00 were not paid.  For that reason, I do not believe it appropriate to advise the district court that if the district court gave me permission to do so I would, pursuant to the instant motion, vacate the order allowing the claims of Ms. Watts and Mr. Bumbray unless they paid the debtor $875.00, within, say, five days.  The motion simply did not request barring pursuit of the claims.  To engage in the Smith v. Pollin procedure would unduly complicate the pending appeal and ultimate resolution of the allowance (or disallowance) of the claims of Ms. Watts and Mr. Bumbray when the

debtor waived insisting on payment of her fees as a condition to this court's proceeding to rule on the claims.

Nevertheless, Ms. Watts and Mr. Bumbray did not oppose the debtor's motion, and can be taken as conceding that it is appropriate to increase the amount they owe the debtor to $875.00 as the price for their having been allowed to pursue their claims.  That seems to me to be the fairest and simplest way to handle the matter.  The debtor has lost the ability to force payment of the fees she incurred via conditioning pursuit of the claims of Ms. Watts and Mr. Bumbray on payment of the fees (because she failed to ask this court to bar pursuit of the claims prior to this court's issuing a final order allowing the claims).  But that does not mean that Ms. Watts and Mr. Bumbray ought to be allowed to not pay the $375.00 and to force the debtor to incur fees pursuing that $375.00.  Now that they have had their claims allowed, it is only fair that they pay the price of having been allowed to get to that point.  Specifically, it is only fair that Ms. Watts and Mr. Bumbray make the debtor whole by paying the $875.00 in fees that can be traced as attributable to their being unprepared to go forward on their claims: the $375.00 in fees the debtor unnecessarily incurred because they were unprepared, and the $500 in additional fees incurred in pursuit of that $375.00 when it was not timely paid.

Ms. Watts and Mr. Bumbray, and their counsel, Mr. Shurberg

(who faces a potential malpractice claim by his clients) have not opposed the debtor's motion. They may be well advised to promptly pay the $875.00 to prevent any further damages being incurred by the debtor that can be traced back to Ms. Watts and Mr. Bumbray's failure to be prepared to go forward at the April 27, 2006 hearing.[2]

An order follows decreeing that (1) the debtor is free to pursue collection of the $375.00 as a monetary judgment, with interest from the date of entry of the order that fixed the $375.00 award; (2) the debtor is entitled to recover an additional $500.00 in fees, together with interest from the date of entry of the order disposing of the instant motion; (3) in pursuit of collection of these monetary judgments, the debtor is free to serve a writ of execution on the chapter 7 trustee with respect to any distribution that becomes payable to Ms. Watts and Mr. Bumbray as creditors from the chapter 7 estate; and (4) the motion is otherwise denied with leave to file a motion for an award of any future attorney's fees and expenses incurred in pursuing collection of the $875.00 in fees incurred to date.

[Signed and dated above.]

---

[2] The debtor may incur additional fees in pursuing collection of the $875.00. Ms. Watts and Mr. Bumbray have it in their power to relieve the debtor of the burden of pursuing collection (by paying the $875.00 now). I will stay my order for 10 days (if it is not automatically so stayed) to give Ms. Watts and Mr. Bumbray that opportunity.

Copies to: Debtor; Debtor's Attorneys; Jonathan S. Shurberg; Kevin R. McCarthy; Office of U.S. Trustee; Sharon Watts; Kevin Bumbray.